**UNITED STATES DISTRICT COURT**
**FOR THE**
**WESTERN DISTRICT OF ARKANSAS**
*Fayetteville Division*

| | |
|---|---|
| MIRHOSSEIN MOUSAVI KARIMI, )<br><br>)<br>Plaintiff(s)  )<br>)<br>)<br>v.  )<br>)<br>)<br>MARKWAYNE MULLIN, in his official  )<br>capacity, Secretary, U.S. Department of  )<br>Homeland Security;  )<br>)<br>Defendant(s)[1].  )<br>)<br>)<br>)  | Civil Action No. 5:26-cv-05049-TLB |

**JOINT RULE 26(f) REPORT**

Pursuant to Fed. R. Civ. P. 26(f) and the Court's Initial Scheduling Order, the parties submit the following Joint Rule 26(f) Report:

**1. Plaintiff's Statement of the Case**

Plaintiff brings this action seeking mandamus and Administrative Procedure Act relief arising from the alleged unreasonable delay in adjudication of Plaintiff's Form I-765, Application for Employment Authorization, filed with U.S. Citizenship and Immigration Services ("USCIS") on October 16, 2025, in connection with Plaintiff's pending adjustment of status application. Plaintiff alleges that USCIS failed to adjudicate the application within a reasonable period of time, despite multiple inquiries and requests for expedition. Plaintiff further alleges that, as a result of the continued delay, his employment authorization has expired, preventing him from continuing his employment as a Staff Data Scientist with Walmart pending adjudication of the Form I-765 application..

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Secretary of Homeland Security Markwayne Mullin automatically substitutes Kristi Noem, Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services Joseph B. Edlow substitutes former Director Ur M. Jaddou, and Acting Attorney General of the United States Todd Blanche substitutes Pam Bondi.

Plaintiff asserts claims under the Administrative Procedure Act, 5 U.S.C. § 701 et seq., and seeks relief in the nature of mandamus compelling Defendants to adjudicate the application within a time certain or immediately. Plaintiff also seeks attorney's fees and costs pursuant to the Equal Access to Justice Act.

Plaintiff's primary theory of recovery is that Defendants unlawfully withheld, or unreasonably delayed agency action required by law in violation of the APA.

### 2. Defendant's Statement of the Case

Plaintiff is a citizen of Iran who has been in the United States since August 2019 and initiated this action for Writ of Mandamus for Violation of the Administrative Procedure Act. Plaintiff subsequently filed a Motion for Preliminary Injunction on March 23, 2026. The United States responded on March 30, 2026, requesting the Court deny Plaintiffs Motion. On April 23, 2026, this Court entered a Memorandum Opinion and Order granting in part and denying in part Plaintiffs Motion for Preliminary Injunction and also ordered Defendants to adjudicate Plaintiffs Form I-765 Application within 30 days.

### 3. Objections pursuant to Rule 26(a)(1)(C) to providing required Initial Disclosures

**Plaintiff's Position**: Plaintiff does not presently assert any objections pursuant to Rule 26(a)(1)(C).

**Defendants' Position**: Defendants have been ordered to adjudicate plaintiffs Form I-765 by May 26, 2026, therefore the United States objects to providing Initial Disclosures.

### 4. Objections to the timing of Rule 26(a) Initial Disclosures

**Plaintiff's Position**: Plaintiff does not object to the timing of Rule 26(a) initial disclosures as set forth in the Court's Initial Scheduling Order.

**Defendants' Position**: See section 3.

### 5. Agreed Document Productions

Plaintiff proposes that the parties exchange documents relevant to the claims and defenses in this matter, including:

- Certified Administrative Record
- Agency records concerning the adjudication status of Plaintiff's Form I-765 application;
- Any notices, determinations, or adjudicative actions related to Plaintiff's application;
- Documents relating to Plaintiff's claimed damages or requested relief, if applicable.

**Defendants' Position**: See section 3.

**6. Discovery**

**6(a). Time Necessary to Complete Discovery**

**Plaintiff's Position**: Plaintiff believes that four (4) months from the date of the Case Management Hearing will be reasonably necessary to complete discovery.

**Defendants' Position**: See section 3.

**6(b). Alteration of Written Discovery Limits**

**Plaintiff's Position**: Plaintiff does not presently seek to alter the maximum number of written discovery requests allowed under the Federal Rules of Civil Procedure.

**Defendants' Position**: No.

**6(c). Additional Depositions**

**Plaintiff's Position**: Plaintiff does not presently anticipate the need for depositions; however, should depositions become necessary, Plaintiff does not seek to increase the maximum number permitted under the Federal Rules of Civil Procedure.

**Defendants' Position**: No.

**6(d). Electronic Discovery**

**Plaintiff's Position**: Plaintiff characterizes the scope and extent of electronic discovery as fairly simple and routine.

**Defendants' Position**: fairly simply and routine.

**6(e). Expert Witnesses**

**Plaintiff's Position**: Plaintiff does not presently anticipate the use of expert witnesses.

**Defendants' Position**: Defendants do not anticipate the use of an expert witness.

**6(f). Protective Order**

**Plaintiff's Position**:

☒ No.

☐ Yes. The parties stipulate to entry of the Court's standard protective order.

3

☐ Yes. The parties stipulate to entry of a modified version of the Court's standard protective order.

**Defendants' Position**: None.

**7. Estimated Length of Trial**

**Plaintiff's Position**: Plaintiff estimates that this matter could be fully tried in one (1) day.

**Defendants' Position**: See section 3.

**8. Deadline to Add Parties and/or Amend Pleadings**

**Plaintiff's Position**: Plaintiff believes that ninety (90) days from the Case Management Hearing is a sufficient amount of time to add parties and/or amend pleadings.

**Defendants' Position**: See section 3.

**9. Settlement Prospects**

**Plaintiff's Position**: Plaintiff believes there may be a reasonable possibility of settlement or resolution following adjudication of Plaintiff's Form I-765 application. Plaintiff does not presently request an early settlement conference.

**Defendants' Position**: See section 3.

**10. Rule 7.1 Disclosure Statements**

**Plaintiff's Position**: Plaintiff is not aware of any outstanding Rule 7.1 disclosure requirements.

**Defendants' Position**: See section 3.

**11. Magistrate Judge Jurisdiction**

Counsel for Plaintiff has discussed with Plaintiff the option of consenting to Magistrate Judge jurisdiction.

**Plaintiff's Position**: Plaintiff is aware of the availability of Magistrate Judge's jurisdiction and remains willing to consider it further.

**Defendants' Position**: No objection of Magistrate Judge's Jurisdiction.

Date: May 7, 2026                                  Respectfully submitted,

                                                   /s/ Sadaf F. Ahmed
                                                   Sadaf F. Ahmed

JEELANI LAW FIRM, PLC
3701 W. Algonquin Road, Ste. 630
Rolling Meadows, IL 60008
Tel: (312) 767-9030
Email: sadaf@jeelani-law.com
Counsel for Plaintiff


/s/ Seth T. Creed.
Seth T. Creed
Assistant United States Attorney's Office
Western District of Arkansas
Tel: (479) 461-9747
Email: Seth.Creed@usdoj.gov
Counsel for Defendants

5